IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PEARL RIVER COUNTY | § | |
| SCHOOL DISTRICT | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:08CV364HSO-JMR |
| | § | |
| RSUI INDEMNITY COMPANY | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL APPRAISAL

Before the Court is the Motion [7] to Compel Appraisal, filed on November 17, 2008, by Plaintiff Pearl River County School District ("PRCSD"). Defendant RSUI Indemnity Company ("RSUI") filed an Opposition [10], Supplemental Opposition [27], and Second Supplemental Opposition [49], and Plaintiff a Reply [11]. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that Plaintiff's Motion should be denied.

Plaintiff initiated this lawsuit on August 12, 2008, requesting declaratory relief and alleging state law claims against RSUI for failing to pay Plaintiff in full under an excess policy of insurance, No. NHD336412 ("the Policy"), for damage sustained on August 29, 2005, when Hurricane Katrina struck the Mississippi Gulf Coast. In its Motion, Plaintiff seeks to enforce the appraisal provision of the Policy to determine "the amount and value of the loss to [its] insured property." Pl.'s Mot. at 1. That provision states:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may

request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

Policy Excerpt, attached as Ex. "A" to Pl.'s Mot.

RSUI claims that coverage issues make appraisal improper under the circumstances present here. PRCSD estimated a $4,775,693.80 covered loss to its property, while RSUI "assessed the total covered loss, including contents, *on a replacement cost basis* at $1,348,283.39." Opp'n at p. 3. RSUI contends that PRCSD's estimate is overstated as it includes "multiple items that were either not damaged at all in [Hurricane Katrina], were not damaged to the extent claimed and/or would be excluded or sublimited even if damaged." Opp'n at p. 3; *see also* 11/12/2007 Letter, attached as Ex. "B" to Opp'n. Inclusion of such items, according to RSUI, presents coverage, not valuation, issues. It avers that "[a]ppraisal is proper in circumstances in which the parties are in agreement that a loss is covered but cannot agree upon the amount of the loss....[And] *is not a proper method of determining cause of loss or coverage under a policy of insurance*." 10/19/2007 Letter, attached as Ex. "A" to Opp'n. (emphasis in original).

Because diversity is the basis of the Court's jurisdiction in this case, the Court must apply the law of the state in which it sits. *See Blase Industries Corp. v. Anorad Corp.*, 442 F.3d 235, 238 (5th Cir. 2006). "It is clear that [sic] under Mississippi law

that the purpose of an appraisal is not to determine the cause of loss or coverage under an insurance policy; rather, it is 'limited to the function of determining the money value of the property' at issue." *Jefferson Davis County School Dist. v. RSUI Indem.*, No. 2:08cv190, 2009 WL 367688, at * 2 (S.D. Miss. Feb. 11, 2009) (*quoting Munn v. Nat'l Fire Ins. Co.*, 115 So. 2d 54, 55 (Miss. 1959)). Upon review of the record, the Court is of the opinion that questions of coverage under the Policy exist here. This Court "must first determine the Policy's coverage of the losses and Defendant's liability for those losses, before the matter can be submitted for appraisal of the value of those losses." *Id.*[1] Based upon the foregoing, an appraisal is inappropriate at this time, and Plaintiff"s Motion will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [7] to Compel Appraisal, filed on November 17, 2008, by Plaintiff Pearl River County School District, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 17th day of August, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] PRCSD has submitted two cases in support of its position: *Friendship Oaks Owners Association, Inc. v. Certain Underwriters at Lloyd's, London*, No. 08-799 (Miss. Cir. Ct., Hancock County, June 25, 2009), and *State Farm Lloyd's v. Johnson*, 2009 Tex. LEXIS 470 (Tex. 2009). The Court is not persuaded that these decisions apply to the present case. Because the Court must follow Mississippi law, the *Johnson* decision is unhelpful. As for *Friendship Oaks*, it does not overrule the Mississippi Supreme Court's holding in *Munn v. National Fire Ins. Co. of Hartford*, 115 So. 2d 54 (Miss. 1959), cited herein.